**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID BANKES,                       :
a/k/a DAVID BANKS,                  :
                                    :   Civil Action No. 05-0356 (JBS)
            Plaintiff,              :
                                    :
      v.                            :   **OPINION**
                                    :
STEVEN FELICE,                      :
et al.,                             :
                                    :
            Defendants.             :

**APPEARANCES:**

David Bankes,
a/k/a David Banks, Plaintiff pro se
#495883-543982B
South Woods State Prison
215 Burlington Road, South
Bridgeton, NJ 08302

**SIMANDLE**, District Judge

   Plaintiff David Bankes, a/k/a David Banks, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On February 26, 2003, Plaintiff was arrested pursuant to a warrant that he alleges was defective.  The arresting police officer was Defendant Steven Felice, and the court officer signing the warrant was Defendant Jeanne DuBois, the City of Millville Court Administrator.  The Court construes this as a allegation that Plaintiff was arrested without probable cause and was unlawfully detained pursuant to that arrest.  Plaintiff was later convicted of some or all of the charges pursuant to a guilty plea.

Plaintiff also alleges that the Hon. Richard Geiger, of the Superior Court of New Jersey, Law Division, Cumberland County, named as a defendant here, refused to permit him to withdraw his guilty plea due to the defects in the arrest warrant.  Plaintiff asserts that the refusal to permit him to withdraw his guilty plea violates Plaintiff's right to due process, under the

Fourteenth Amendment to the U.S. Constitution, and his right under the Sixth Amendment to a jury determination of his guilt.

Plaintiff seeks compensatory and punitive damages, expungement of the criminal conviction, and immediate release. All Defendants are sued in their individual and official capacities.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

A. The False Arrest/False Imprisonment Claims

The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated." A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968). To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983), quoted in Tennessee v. Garner, 471 U.S. 1, 8 (1985) and Graham v. Connor, 490 U.S. 386, 396 (1989).

5

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."  Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman).  See also Anela v. City of Wildwood, 595 F. Supp. 511, 512 (D.N.J. 1984)(holding a person for any length of time without legal justification may be a violation of the right to liberty under the Fourteenth Amendment

and thus states a claim of false imprisonment under § 1983).[1]  In contrast, an arrest based upon probable cause does not give rise to claims for false imprisonment or false arrest.  Id.

Here, Plaintiff alleges that he was arrested without probable cause on February 26, 2003.  A § 1983 claim for false arrest accrues on the date of the plaintiff's arrest.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  Thus, Plaintiff has stated a claim for false arrest and false imprisonment, sufficient to avoid dismissal at this preliminary stage of the litigation, and it appears to be ripe.  This claim may proceed against Defendants Steven Felice and Jeanne DuBois.

B.   The Claims against Judge Geiger

"On its face § 1983 admits no immunities." Tower v. Glover, 467 U.S. 914, 920 (1984).  The Supreme Court has recognized, however, a number of absolute and qualified immunities.

"[Section] 1983 is to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them. ... [Any § 1983 immunity is] predicated upon a considered inquiry into the immunity historically accorded

---

[1] While "[a] false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law[,]" Baker v. McCollan, 443 U.S. 137, 142 (1979), the claim is derivative of a Fourth Amendment violation for arrest without probable cause. See Groman, 47 F.3d at 636.

7

the relevant official at common law and the interests behind it." Imbler v. Pachtman, 424 U.S. 409, 418-21 (1976). "If an official was accorded immunity from tort actions at common law when the Civil Rights Act was enacted in 1871, the Court next considers whether § 1983's history or purposes nonetheless counsel against recognizing the same immunity in § 1983 actions." Tower v. Glover, 467 U.S. at 920 (citations omitted).

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9 (1991). Judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

Judicial immunity also shields judges from suit for injunctive relief. See 42 U.S.C. § 1983, (state judges) ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable") (abrogating in part Pulliam v. Allen, 466 U.S. 522, 541-42 (1984)). See also Bolin v.

8

Story, 225 F.3d 1234 (11th Cir. 2000) (and cases cited therein) (federal judges); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1391-94 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988) (adequate remedies are provided through the appeals process and the All Writs Act, 28 U.S.C. § 1651).[2]

Here, Plaintiff's allegations against Judge Geiger clearly arise from actions taken in his judicial capacity. Accordingly, all claims against Judge Geiger will be dismissed with prejudice.

C.   The Request for Expungement and Release

To the extent Plaintiff seeks through an action in this Court to have a state court criminal conviction "expunged," it is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state

---

[2] It is not clear from the Complaint whether Defendant Jeanne DuBois is entitled to judicial immunity. "The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432 (1993). In determining which government officials perform functions that might justify absolute immunity from damages actions, the Supreme Court undertakes "a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it." Imbler v. Pachtman, 424 U.S. 409, 421 (1976). This "functional" approach looks to the function performed, not the identity of the actor. Judicial immunity may extend to professionals, such as guardians ad litem, court-appointed psychiatrists, and custody evaluators, who assist courts in their judicial function. See Hughes v. Long, 242 F.3d 121 (3d Cir. 2001). But see Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993) (declining to extend absolute immunity to court reporter for failing to produce a transcript of a federal criminal trial).

court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); <u>Middlesex Co. Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) ("The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state issues are involved.").  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept.</u>, 973 F.2d 169, 173 (3d Cir. 1992) (citing <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989)).

Here, it appears that state proceedings implicating important state interests are ongoing, and that Plaintiff has the opportunity to raise his claim in those proceedings.  New Jersey law provides for direct appeal of criminal convictions and for collateral attacks on criminal conviction.  Plaintiff can assert his claims in such proceedings.  Plaintiff has failed to plead

any special circumstances that would take this case out of the Younger abstention doctrine.  Thus, Plaintiff must present his challenges to his conviction, at least in the first instance, to the state courts of New Jersey.  See Roberts v. Childs, 956 F.Supp. 923, 925 (D.Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).

Simarly, to the extent Plaintiff seeks release from custody, he can obtain relief here only through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, following exhaustion of his state-court remedies.  Accordingly, the challenge to his continued custody must be dismissed without prejudice.

## V.   CONCLUSION

For the reasons set forth above, only the claim for false arrest and false imprisonment against Defendants Steven Felice and Jeanne DuBois may proceed at this time.  It does not appear that the defects in the Complaint with respect to the other claims could be cured by amendment.  An appropriate order follows.

      **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:     **May 2, 2005**